COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.
 2-05-275-CR

        2-05-276-CR

        2-05-277-CR

        2-05-278-CR

        2-05-279-CR

 

MARCUS W. ROBERTSON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction








Appellant Marcus W. Robertson
pleaded guilty to five offenses of aggravated assault.  The trial court sentenced him to five years= imprisonment in each case.  In
one point, Robertson complains that the trial court abused its discretion in
assessing his sentences.  We affirm. 

II.
Background Facts

Rosalyn Woods testified that
while she was sweeping her porch in the middle of the afternoon, she observed
Robertson and Kortni Franklin approach her home.  Robertson was driving a car and Franklin was
walking.  Woods testified that at some
point, Robertson stopped the car and opened the trunk.  Franklin then reached into the trunk and
pulled out an item that was wrapped in a sheet. 
Woods said that based on the way Franklin handled the wrapped item, she
could tell that it was a rifle.  Franklin
approached Woods and asked her if he could speak to Rene Hansley, a woman who
was inside Woods=s home at
the time.  However, Woods refused to let
Franklin talk to Rene because Rene and Franklin had been involved in some type
of confrontation the night before. 

After Franklin was rebuffed
in his efforts to speak with Rene, he got in the car with Robertson and drove
away.  Shortly thereafter, as Woods was
putting trash in trash cans that were located near the street, she noticed
Franklin and Robertson approaching her house again.  According to Woods, her boyfriend, Sydney
Grant, met Robertson and Franklin in the doorway of her house.  Grant refused to let Franklin enter the
residence and speak with Rene.  








After Robertson and Franklin
left Woods=s home for
the second time, Woods observed the two men approach her home for a third
time.  This time, while Robertson drove
the car, Franklin pointed a rifle out of an open window towards her
residence.  Woods then heard five
gunshots fired at the house. Robertson was subsequently arrested and charged by
five separate indictments with committing aggravated assault by threatening
Woods, Grant, and three other individuals that were in Woods=s home at the time, with a deadly weapon.  Robertson entered an open plea of guilty to
the trial court and the trial court sentenced him to five years= imprisonment in each case. 
These appeals follow.

III.
Robertson=s Sentences

In his sole point on appeal,
Robertson argues that the trial court abused its discretion in assessing his
sentences.  Specifically, he argues that
the trial court appears to have ignored the minimal role he played in the
offenses.








In our review of a trial
court's determination of the appropriate punishment in any given case, a great
deal of discretion is allowed the sentencing judge.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).  A trial court
abuses his discretion only when he acts without reference to any guiding rules
or principles so as to render the conclusion ultimately reached arbitrary,
unreasonable, and outside the zone within which reasonable minds may differ.  See Montgomery v. State, 810 S.W.2d 372,
380, 391 (Tex. Crim. App. 1990). 
Accordingly, a trial court that imposes a sentence upon a defendant without
having any factual basis for that sentence may well abuse his discretion.  Jackson, 680 S.W.2d at 814.  However, if the record reflects that the
judge had evidence before him that he could rely upon in making the assessment
of the sentence that was imposed, the general rule prevails, which  provides that a trial court=s discretion is limited only by the maximum sentence allowed by
law.  See id.; Tamminen v. State, 653
S.W.2d 799, 803 (Tex. Crim. App. 1983).

In this case, the record
shows that the trial court sentenced Robertson after having conducted a hearing
in which the State presented evidence of Robertson=s guilt.  For example, the trial
court heard Woods testify that Robertson joined Franklin in telling Grant that
he (Grant) would Apay@ for having kept Franklin from speaking to Hansley.  The trial court also heard Woods testify that
she had observed Robertson open the car=s trunk for Franklin, giving him access to the rifle, and that she
later observed Robertson drive the car while Franklin shot at her home.  The trial court could have relied on this
evidence in assessing Robertson=s sentences.  Therefore, the judge=s discretion was limited only by the maximum sentence allowed by law.  See Jackson, 680 S.W.2d at 814; Tamminen,
653 S.W.2d at 803. 








Aggravated assault is a
felony of the second degree, and the punishment range for a person adjudged
guilty of a felony of the second degree is imprisonment for any term of not
more than twenty years or less than two years. 
Tex. Penal Code Ann. '' 12.33, 22.02 (Vernon 2003 & Supp. 2005).  Robertson was sentenced to five years= imprisonment in each case. 
Therefore, his sentences are well within the statutory range of
punishment.  Id. ' 12.33.  Accordingly, because
the trial record reflects that the trial court had evidence upon which it could
have relied in determining Robertson=s sentences and because Robertson=s punishment did not exceed the maximum sentence allowed by law, we
hold that the trial court did not abuse its discretion in assessing Robertson=s punishment.

IV.
Conclusion 

Having overruled Robertson=s sole point, we affirm the trial court=s judgments.  

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
June 8, 2006











[1]See Tex. R. App. P. 47.4.